IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARCO HERNANDEZ,
    Petitioner

  v.

J. E. THOMAS,
    Respondent

CIVIL NO. 1:12-CV-1222

(Judge Caldwell)

## *M E M O R A N D U M*

The pro se petitioner, Marco Hernandez, an inmate at FCI Lewisburg, in Lewisburg, Pennsylvania, filed this 28 U.S.C. § 2241 petition challenging the loss of 182 days of good conduct time (82 days vested and 100 days non-vested) imposed as a sanction in disciplinary proceedings. The disciplinary proceedings were held while Petitioner was an inmate at USP Victorville in Adelanto, California. The good conduct time was lost after a finding that Petitioner had attempted to introduce drugs into the prison and had used a phone in the attempt.

Petitioner claims that the sanction was improper because of the following due-process violations: (1) Petitioner is a Spanish speaker and the notice of the charges was not in Spanish; (2) the notice was untimely; (3) the disciplinary charges were part of a conspiracy to retaliate against Petitioner for having sought access to the courts regarding his lawyer's paperwork; (4) the Discipline Hearing Officer (DHO) did not explain why he believed the testimony of the correctional officers over that of Petitioner; (5) there was no evidence to support the finding of guilt.

Respondent argues that the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies and because the petition lacks merit in any event. We agree that Petitioner has failed to exhaust his administrative remedies and will dismiss the petition without reaching the merits.[1]

The BOP has established a multi-tiered process for a federal prisoner to seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19. A challenge to a DHO decision begins with an appeal to the regional director. *Id.* § 542.14(d)(2). If unsuccessful before the regional director, the inmate may appeal to the general counsel (the Central Office) within thirty days of the regional director's decision. *Id.* § 542.15(a).

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Federal Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir. 1996). *See also Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012).

As Respondent points out, Petitioner failed to exhaust his administrative remedies when he failed to file a timely appeal to the Central Office. He did file an appeal with the regional director, which was denied on November 23, 2011. (Doc. 8-1, ECF p. 5, ¶ 16; Doc. 8-1, ECF p. 38). However, his first attempt at seeking review of that decision in the Central Office was on March 13, 2012, almost three months after the

---

[1] We note, however, that if we had reached the merits, we would have decided that the hearing complied with due process.

appeal period expired. (Doc. 8-1, ECF p. 5, ¶ 16; Doc. 8-1, ECF p. 65). The Central Office gave Petitioner an opportunity to file another appeal, but required him to explain the untimeliness. (*Id.*) Petitioner filed another appeal but failed to explain why it was untimely. (Doc. 8-1, ECF p. 5, ¶ 17; Doc. 8-1, ECF p. 66). He was given yet another opportunity to excuse the untimeliness but filed no further appeals. (*Id.*). Since the Central Office appeal was untimely, Petitioner did not exhaust his administrative remedies, and his 2241 petition will be dismissed. *See Rivera-Lebron v. Rectenwald*, ___ F. App'x ___, ___, 2013 WL 1855735, at *1 (3d Cir. 2013)(nonprecedential).

            /s/ William W. Caldwell
            William W. Caldwell
            United States District Judge

August 21, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARCO HERNANDEZ,
    Petitioner

  v.

J. E. THOMAS,
    Respondent

CIVIL NO. 1:12-CV-1222

(Judge Caldwell)

*O R D E R*

AND NOW, this 21st day of August, 2013, it is ordered that:

1. The petition (Doc. 1) for a writ of habeas corpus is dismissed for failure to exhaust administrative remedies.

2. The Clerk of Court shall close this file.

      /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge